DORSAR ENTERPRISES, INC., Plaintiff, *v.* ALFRED J. CALLAHAN, as Trustee under a Declaration of Trust Dated the 8th Day of July, 1938, and a Plan of Reorganization of Series N–12 Mortgage Investments Approved by an Order of the Supreme Court of the State of New York Held in and for the County of New York Dated the 20th Day of June, 1938, Defendant.

First Department, March 27, 1942.

*Milton R. Weinberger* of counsel [*William Klein* and *Adolph Lund* with him on the brief], for the plaintiff.

*Lazarus Joseph* of counsel [*Jacob S. Demov* and *Charles L. Grad* with him on the brief], for the defendant.

DORE, J.   This submission of controversy (under Civ. Prac. Act, §§ 546–548) concerns disputes between defendant seller and plaintiff purchaser in respect to debits and credits on the closing of a contract for the purchase and sale of 249 West Forty-fifth street and 238–250 West Forty-sixth street, Manhattan, known as the Imperial Theatre.   Other disputed issues between the parties were considered and determined by order of Special Term dated July 19, 1941, and that order is affirmed in the companion appeal, decided herewith (*Matter of New York Title & Mortgage Co.* [*Series N–12*], 263 App. Div. 983).

In 1938 defendant Alfred J. Callahan was appointed trustee for the certificate holders of a mortgage known as Series N–12 of the New York Title and Mortgage Company, consisting of a first mortgage on the Imperial Theatre, 249 West Forty-fifth street and 238–250 West Forty-sixth street, borough of Manhattan, city of New York.   There were issued and outstanding certificates in the face amount of $280,500.   By order dated May 2, 1939, the trustee was authorized to lease the premises to Select Operating Corporation as tenant for three years with an option to the lessee to purchase the premises at a price yielding the certificate holders one hundred per cent of the unpaid principal on the outstanding certificates.   Under the terms of the lease, the lessee was to pay a rental of $30,000 for the second two years in monthly installments of $2,500 on the first of each month, and if the net profits exceeded $30,000, the lessee under certain conditions was to pay additional rental.   Select Operating Corporation assigned the option to Dorsar Enterprises, Inc., one of the parties to this submission, which duly exercised the option on May 15, 1941.

At the request of Dorsar Enterprises, Inc., the trustee, subsequent to the exercise of the option and prior to the closing date, applied to the Special Term for instructions in respect to certain issues raised by Dorsar, and Dorsar agreed to pay all expenses, including counsel fees, which the trustee might incur in making the application for instructions.

Pending the application, the closing date was adjourned at the request of the purchaser, Dorsar Enterprises, Inc., from July 1, 1941, to August 5, 1941, by a stipulation providing, however, that

the closing should be " as of July 1, 1941," and title passed on the adjourned date as of the prior date.

Prior to the closing of title the only rent received was the $2,500 on the first of each month up to and including June 1, 1941; no " additional rental " under the lease had been computed, and under its terms the tenant was not required to account or pay additional rental until September 10, 1941, after the closing date.

At the closing date the arrearage of interest on the mortgage amounted to $87,773.12.

The trustee demanded that the purchaser Dorsar upon the closing pay, in addition to the face amount of the total issue of certificates in the sum of $280,500, the following sums:

1. $1,000 for legal services rendered by the trustee's attorneys.

2. $1,461.25 interest from July 1, 1941, to August 5, 1941, on the portion of the purchase price unpaid.

3. $308.50 for required United States documentary stamps affixed to the deed.

4. $203.28 apportionment of insurance premiums.

These sums were deposited with the trustee in escrow until the determination of the issues by this court.

The trustee had instituted certiorari proceedings to reduce the tax valuations against the property for the years 1939–1940 and 1940–1941 and these proceedings are still pending undetermined.

The purchaser, Dorsar Enterprises, Inc., on the facts stipulated demands the return of the sums deposited in escrow, any refund on the pending tax certiorari proceedings, and any additional rental.

On the same facts the trustee demands that he be permitted to retain the sums deposited in escrow, to secure and retain the refund of taxes, and that he be entitled to a *pro rata* share of the additional rental.

The submission stipulates that the agreement of purchase and sale provided: " Upon the closing of title the items customarily apportioned upon the sale of real property shall be credited and/ or debited between the parties to the end that the net amount paid by the party of the second part [purchaser] to the party of the first part [seller] for the purchase price shall yield the full amount (100%) of the then unpaid principal sum of all of the certificates issued and then outstanding."

By permission of this court pursuant to section 548 of the Civil Practice Act, an additional statement was filed stipulating: " That upon the closing of title within the City of New York the items customarily apportioned upon the sale of real property are interest, rents, taxes, water rents and insurance premiums."

All the facts essential to the submission are before us, and we will consider and rule on the disputed items seriatim.

### 1. ATTORNEYS' FEE.

The purchaser agreed in writing to pay the legal expenses and counsel fees in making the application for instructions to the Special Term, which reasonably included the legal expenses and counsel fees on the appeal from that order to this court. The services of the attorneys for the trustee are reasonably worth the agreed sum of $1,000. The parties have stipulated that " The reasonableness of the aforesaid amount charged is not disputed." On that item judgment is directed for the trustee.

### 2. INTEREST.

The original closing date was July 1, 1941. At the purchaser's request it was adjourned to August 5, 1941, the closing to remain and adjustments to be made as of July 1, 1941. In the written submission it is stipulated that the Rules of the Real Estate Board of New York specifically provide that where, as here, the time of closing of title is adjourned under a stipulation, all adjustments are to be made as of the original date, and that the seller shall be entitled to interest on the unpaid balance of the purchase price. Closing as of July 1, 1941, entitled the purchaser to the rental proceeds from the property from and after that date, and under the terms of the existing lease $2,500 on account of rent was due, payable in advance, on July 1, 1941, and a similar amount on August 1, 1941. These rental payments, aggregating $5,000, are greatly in excess of the $1,461.25 interest payment claimed by the trustee. The purchaser wants the income from the property while it was withholding the purchase price. The purchaser should be required to pay interest on the portion of the purchase price it retained from the date when it acquired the right to the rents or other income of the property until it actually paid over the entire consideration agreed to be paid for the conveyance. (*Bostwick* v. *Beach*, 103 N. Y. 414, 423; *Turner* v. *Bryant*, 152 App. Div. 601.) The trustee is clearly entitled to the interest in the sum of $1,461.25.

### 3. UNITED STATES DOCUMENTARY STAMPS.

As prescribed by the order of the court, the terms of the sales agreement expressly provided " that the net amount paid by the [purchaser] to the [seller] for the purchase price shall yield the full amount (100%) of the then unpaid principal sum of all of the certificates issued and then outstanding." While ordinarily the law requires the purchaser to affix the documentary stamps, in

this case it should be clear that if the trustee paid for the stamps out of the purchase price without reimbursement, the purchase price, contrary to the terms of the court order permitting the sale, would be less than the amount of the total unpaid principal of the then outstanding certificates. That item belongs to the trustee.

### 4. APPORTIONMENT OF FIRE INSURANCE PREMIUMS.

The premiums in question were paid by the trustee out of funds of the estate before the option agreement of purchase was exercised. None of the policies in question expired until 1942. The closing took place as of July 1, 1941. The trustee could have retained the policies, surrendered them to the companies that issued them, and received a refund on the premium for the unexpired terms. Since the purchaser received the use of these policies for the unexpired terms, the trustee should be paid the prepaid value thereof. The $203.28 apportionment of premiums paid by the trustee should be allowed to the trustee.

### 5. ADDITIONAL RENTAL.

The right to have rent apportioned and paid to the seller as and when the rent became due and payable is now settled by the express provisions of section 275-a of the Real Property Law. The case of *Marshall* v. *Moseley* (21 N. Y. 280), cited by the purchaser, antedates the enactment of that statute. Other cases cited do not involve apportionment of rents. The trustee, having reserved his right, is entitled to ten-twelfths of the additional rental, that is, all that was earned prior to July 1, 1941.

### 6. TAX REFUNDS.

Prior to the exercise of the option, the taxes for the years in question were paid by the trustee out of the rents collected prior to July 1, 1941. That date being the beginning of a new tax year (1941–1942), there was no adjustment or apportionment of taxes. The taxes in question, for 1939–1940 and 1940–1941, were paid under protest out of funds belonging to the certificate holders, and the trustee, not the purchaser, is entitled to the refund if any is made. The purchaser did not buy the assets of the trust estate but only the real property specified in the contract of purchase and sale.

Judgment should be directed in favor of the defendant-trustee for $2,973.13. Judgment should also be directed that all tax refunds which may accrue in the certiorari proceedings and ten-twelfths of the additional rental becoming due under the lease year ending August 31, 1941, belong to the trustee; and that all

claims made by Dorsar Enterprises, Inc., should be dismissed. Pursuant to the stipulation of the parties said judgment is without costs.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur; O'MALLEY, J., taking no part.

Judgment unanimously directed for defendant as indicated in opinion. Settle order on notice.