■ IRVING BELL, Respondent, v. LIBERTY DRUG CO., INC., Appellant, et al., Defendant. LIBERTY DRUG CO., INC., Third-Party Plaintiff-Appellant, v. BELL MAINTENANCE CO., INC., et al., Third-Party Defendants-Respondents.— In an action to recover damages for personal injuries sustained by plaintiff, in which the defendant Liberty Drug Co., Inc., asserted a third-party complaint against the Bell Maintenance Co., Inc., and the Broadway Maintenance Corp. as third-party defendants, the Liberty corporation appeals from a judgment of the Supreme Court, Kings County, entered May 16, 1961 after trial, which awarded damages to plaintiff against it upon the jury's verdict of $10,000 in plaintiff's favor, and which dismissed its third-party complaint against both third-party

defendants upon their motion at the close of the case. At the trial plaintiff discontinued his action against the individual defendant Jeramaz, and thereupon such defendant discontinued his third-party action against the Bell corporation. Judgment modified on the law by striking out the first decretal paragraph awarding plaintiff $10,243.75 against defendant Liberty Drug Co., Inc.; new trial granted as between plaintiff and said defendant; and action severed as against all the other parties, with costs to defendant Liberty against plaintiff to abide the event of the new trial between them. As so modified, judgment affirmed, with costs to the Bell corporation and the Broadway corporation, as third-party defendants, against Liberty as third-party plaintiff. For some 10 years prior to 1957 the defendant Liberty corporation had hung a neon sign in front of its drugstore in New York City. In 1957 it purchased a new sign from the Bell corporation pursuant to a written contract. The contract was signed for Liberty by one Graff, its president; it was signed for the Bell corporation by one Landau, its salesman. It provided, *inter alia*, that the new sign was to be hung on the supporting bars and chains then in use and that the Bell corporation was to repaint them. The injured plaintiff is the Bell corporation's president and principal stockholder. On the day of the accident he and another Bell employee went to the Liberty drugstore to do some preliminary work on the existing supporting bars and chains in preparation for the hanging of the new sign by an independent rigger. In order to inspect such bars and chains the plaintiff leaned a ladder against them and climbed upon the ladder. Thereupon one of the chains broke; the ladder toppled; and plaintiff was injured. At the trial the contract relating to the new sign was offered in evidence by plaintiff; it was admitted without objection. Thereafter Liberty sought to adduce testimony of a conversation between Graff, its president, and Landau, the Bell corporation's salesman, as to whether the Bell corporation was to replace the existing bars and chains if inspection revealed them to be unsafe. Plaintiff objected to such testimony on the ground that it would vary the terms of the written contract (which provided that such bars and chains were to be retained and were merely to be painted) and hence would violate the parol evidence rule. The objection was sustained; the proffered testimony was excluded. In our opinion, such exclusion was error. The parol evidence rule does not apply where, as here, the controversy is not between the parties to the contract or their privies; that rule may not be invoked by a stranger to the writing (*Nalaboff* v. *Stanley-Mark-Strand Corp.*, 263 App. Div. 580, 583; *Coleman* v. *First Nat. Bank of Elmira*, 53 N. Y. 388; *Hankinson* v. *Vantine*, 152 N. Y. 20, 30–31; *Folinsbee* v. *Sawyer*, 157 N. Y. 196, 199; *Matter of Lavery*, 79 N. Y. S. 2d 27, 30, affd. 275 App. Div. 674; *Curialle & Co.* v. *Kenray Realty Corp.*, 25 Misc 2d 745, 749). Despite plaintiff's status as president and principal stockholder of the Bell corporation, he and it are distinct legal entities; vis-a-vis the Liberty corporation he was not one of the contracting parties; he was in the same legal position as any stranger. Nor, in our opinion, would the admission of the testimony as to such conversation have violated the hearsay evidence rule. By such testimony Liberty apparently sought to show that the true contract between it and the Bell corporation called for the replacement of the bars and chains if, upon inspection, they were found to be unsafe. Any such testimony would thus have raised a crucial fact issue for the jury as to plaintiff's assumption of the risk, since: (a) the worker who is injured through a dangerous condition which he has undertaken to fix cannot ordinarily recover, as he is deemed to have assumed the necessarily attendant risks (*Kowalsky* v. *Conreco Co.*, 264 N. Y. 125); (b) Landau's knowledge of the danger would be binding upon his employer, the Bell corporation (*200 East End Ave. Corp.* v. *General Elec. Co.*, 5 A D 2d 415, affd. 6 N Y 2d 731); and (c) the Bell corporation would be bound to divulge

such knowledge to the plaintiff (cf. *Connolly* v. *Hall & Grant Constr. Co.*, 192 N. Y. 182, 187–188). With respect to Liberty's third-party complaint against the Bell corporation and the Broadway corporation, as third-party defendants, we find it was properly dismissed. There was neither proof, nor possibility of proof under the circumstances of this case, which would entitle Liberty to recover over against either of these third-party defendants in the event of a recovery by plaintiff against Liberty. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.