FRANK SZEMKO and JOSEPH GAYDICA, Copartners, Doing Business as SZEMKO & GAYDICA, Respondents, *v.* HARRIS WEINER and MORRIS WEINER, Doing Business under the Firm Name of WEINER BROTHERS, Appellants, Impleaded with TONY DE BONES and Others, Defendants.

Second Department, February 16, 1917.

Mechanics' liens — subcontractor's lien based upon subrogation — departure from specifications by subcontractor with consent of main contractor not binding on owner — foreclosure of mechanic's lien — failure to state in complaint as to whether another action had been brought not available on appeal — costs.

A subcontractor's lien rests upon the theory of subrogation. As to his part of the work he stands in the main contractor's shoes.

If the subcontractor through the main contractor's indifference omits things specified by the owner, the latter cannot be affected by the main contractor's acceptance or waiver. Subcontractors, therefore, should always acquaint themselves with the plans and specifications.

Where in a suit by subcontractors to foreclose a mechanic's lien it appears that they, in reliance upon a waiver of the specifications and an acceptance of a different construction by the main contractor, deviated from the specifications, a judgment in their favor should be modified by deducting for the omissions and changes.

The objection that the complaint did not state whether any other action had been brought, as required by section 1629 of the Code of Civil Procedure, not having been raised in the trial court, where an amendment might have been permitted, is unavailing on appeal.

Since no architect supervised the construction and since the plaintiffs were uninformed as to the owner's specifications, they should be allowed the costs of the action.

APPEAL by the defendants, Harris Weiner and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 11th day of August, 1916, upon the decision of the court after a trial at the Kings County Special Term.

The judgment was entered upon an order confirming the report of the official referee, dated July 28, 1916, in a suit to foreclose a mechanic's lien and the judgment rendered was for the amount of the lien as found, with costs.

Plaintiffs contracted for the sum of $1,625 with the main contractor, one Antonio De Bones, to supply and install all

steel beams and other -iron work, with vault lights, in the erection of a new three-story and basement brick building which De Bones was to put up for Weiner Brothers at 646–648 Washington avenue, Brooklyn. Mr. De Bones undertook with Weiner Brothers that the entire erection should be done and furnished in strict compliance with Adelsohn & Feinberg's plans and specifications (which were made a part of the building contract), for which Mr. De Bones, the contractor, was to be paid $17,000.

Plaintiffs' lien as subcontractors is for a balance claimed of $577.03, including $14.50 for extra work, for which a notice of lien was filed November 1, 1912. The iron work of the cellar doors and the quality and setting of the vault lights departed from the owner's plans and specifications. Plaintiffs relied on a waiver of the specifications and acceptance of a different construction by their immediate employer, De Bones. There was no waiver, however, by Weiner Brothers, nor by their architect, who did not superintend the construction.

*George H. Bruce*, for the appellants.

*Charles J. Ryan*, for the respondents.

PUTNAM, J.:

Under the system of mechanics' liens in this State a subcontractor's lien rests upon the theory of subrogation. As to his part of the work he stands in the main contractor's shoes. If through the main contractor's indifference the subcontractor omits the things specified, the owner, who has set down what is to be done, cannot be affected by the main contractor's acceptance or waiver. Subcontractors, therefore, should read over the main contract and always acquaint themselves with its plans and specifications.

The double set of cellar doors here were defective. They did not have iron frames. The doors did not have the specified astragal moulding to cover the joint. The ends of the covering sheet metal on the doors were not turned down into the groove of the iron frames, as required by the specifications.

Although the complaint did not proceed upon the claim of substantial performance, both sides introduced evidence of the

Second Department, February, 1917.     [Vol. 176.

cost to supply these omissions. Mr. Adelsohn, the architect, estimated one hundred dollars, while plaintiff figured the items at thirty-seven dollars. As Mr. Adelsohn had not made or purchased such articles we think a fair allowance would be fifty dollars.

The vault lights were to be of three-prism glass, set in cast iron non-slipping frames. Instead, plain glass was used, the surface filled in flush with cement. The estimate at sixty cents a square foot for this difference stands uncontradicted.

But the area of these lights is not shown. Defendants introduced their two permits from the city highway department, which were marked in evidence but are not returned in the record. It is stated that they show 264 or 274 feet. But such a permit may include the area of these double cellar doors. Unless the parties can agree on the measured area of these surface vault lights (which should be a matter of no difficulty) this item will have to be sent back to the referee. The marginal lights, also referred to, have been found not to be any part of the plaintiffs' contract.

The learned referee found that at the time of filing plaintiffs' notice of lien and their service thereof the general contractor had so far completed his contract as to be entitled to receive a sum far in excess of the amount of plaintiffs' lien. Although this finding is here challenged we think it is well supported.

The criticisms that the complaint did not state if any other action had been brought, as required by the Code of Civil Procedure, section 1629, not having been raised in the trial court (where an amendment might have been permitted, *Gates & Co., Inc.,* v. *National Fair & Exposition Assn.,* 172 App. Div. 581) is unavailing here.

The judgment is, therefore, modified by deducting from the $577.03 found due, *first,* $50 for omissions in the cellar doors; *second,* the difference in vault lights at the rate of 60 cents per square foot of this area (excluding that of the doors) to be hereafter ascertained; so that plaintiffs recover the residue with interest from November 1, 1912.

Considering that no architect supervised this construction, and that plaintiffs were uninformed as to the owner's specifications, plaintiffs should have costs of the action.

The judgment as thus modified should be affirmed, without costs of this appeal to either party.

THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Judgment modified in accordance with opinion, and as modified affirmed, without costs of this appeal to either party.