SIMONE MONTELLO, Respondent, *v.* THE MANHATTAN FIRE AND MARINE INSURANCE COMPANY, Appellant, Impleaded with THE BREVOORT SAVINGS BANK OF BROOKLYN, Defendant.

First Department, April 16, 1937.

*Frederick T. Case*, for the appellant.

*Maxwell Cohen* of counsel [*Jerome Parker*, attorney], for the respondent.

O'MALLEY, J. The denials of any knowledge or information sufficient to form a belief found in paragraphs II, V and IX of the answer of the defendant insurance company are of matters not necessarily within the knowledge of the said defendant and relate to facts to which it was entitled to put the plaintiff to her proof. They were, therefore, improperly stricken out.

The defense contained in paragraph XI is sufficient. Not only does it plead that the building was found to be unsafe and in a hazardous condition, but that prior to the fire all of the occupants of the building moved out, leaving it unoccupied and unguarded, in which state it " was stripped and large parts thereof were removed;" that all of these facts were known to the plaintiff and materially increased the fire hazard. These allegations, deemed denied as a matter of pleading, raise an issue of fact (*Cornish* v. *Farm Buildings Fire Ins. Co.*, 74 N. Y. 295), which, if resolved in favor of the defendant insurance company, would absolve it from liability under its policy. (*Westchester Fire Ins. Co.* v. *Fitzpatrick*, 2 F. [2d] 651.)

The allegations of the second defense found in paragraph XII were properly stricken out. They are alleged as a complete defense, but they constitute but a partial defense. They are to the effect that the policy had the usual clause making loss, if any, payable to the mortgagee as interest might appear; that at the time of the fire the interest of the mortgagee in the property exceeded the amount of the fire damage; that the mortgagee, the defendant savings bank, reached an agreement with the insurance company upon a figure of $2,500 which was thereafter paid to the mortgagee in full settlement of the loss. Assuming without conceding that time of payment as distinguished from the time of loss is material,

it is to be observed that it does not appear from the face of the pleading (entitled to every fair intendment) that the payment was made to the mortgagee after it had foreclosed its mortgage and the property had been sold under judgment.

The allegations of the complaint with respect to the foreclosure have been put in issue by the denials in paragraph IX of the answer.

As it is alleged that the interest of the mortgagee at the time of the loss exceeded the amount of the fire damage, the mortgagee and the insurance carrier as between themselves were entitled to adjust the loss at whatever figure they desired, since the mortgagee was entitled to all of the fire loss.

The plaintiff owner, however, under the policy of insurance was entitled to have the loss adjusted at the fair and reasonable amount. This is because any payment made to the mortgagee under the policy by virtue of the fire loss would inure to her benefit by a reduction of the mortgage to that extent.

These allegations, therefore (it not being alleged that the agreed figure of $2,500 was the fair and reasonable amount of the loss), constitute but a partial defense.

It follows, therefore, that the order appealed from should be modified by denying the motion to strike out the denials in paragraphs II, V and IX and the defense in paragraph XI, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant, but with leave to the defendant-appellant to plead anew with respect to the second defense if it be so advised.

MARTIN, P. J., UNTERMYER and COHN, JJ., concur; DORE, J., concurs in result.

Order unanimously modified by denying the motion to strike out paragraphs II, V and IX of defendant-appellant's answer and the defense contained in paragraph XI, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant, with leave to the defendant-appellant to plead anew with respect to the second defense if so advised.