CARMEN E. SANCHEZ, Plaintiff, *v.* ALICE P. SPITZKA, Defendant.

Supreme Court, Richmond County, April 17, 1944.

*Carl D. Isaacs* for plaintiff.

*Joffe & Joffe* for defendant.

GARVIN, J. This is a motion by plaintiff for an order striking out certain denials contained in defendant's answer as sham and frivolous, and certain defenses on the ground that it appears on the face thereof that they are insufficient in law. As will appear, the question involved, so far as those defenses are concerned, is the application of the Statute of Limitations.

There is a further question of pleading which must be decided and which will be hereinafter discussed.

It is alleged in the complaint that plaintiff and her husband, Henry Sanchez, now deceased, were married on January 12, 1907; that on or about October 16, 1917, they made a separation agreement which provided for payments for the support of plaintiff and the issue of the marriage; that on January 24, 1918, Sanchez ceased making the payments due under the agreement; that plaintiff thereafter brought an action against him and recovered a judgment for $5,461.86, which represented the accrued arrears to and including April 6, 1921; that this judgment was duly entered in the office of the Clerk of the County of Richmond on April 19, 1921; that the judgment was affirmed and that on December 20, 1923, plaintiff recovered another judgment against him, for costs, in the amount of $105.50; that thereafter supplementary proceedings upon the original judgment were instituted, that Sanchez was examined thereunder and that a receiver in supplementary proceedings was appointed, who qualified, collected $2,122.05, and paid over to plaintiff's attorney $1,796.55, the balance of the amount so collected less the expenses of the receivership.

The present suit is based upon two causes of action. In the first, plaintiff alleges that during the year 1940 or 1941 decedent owned all the stock issued by Henry Sanchez & Company, a domestic corporation; that during this period he caused a pretended transfer of 50% thereof to defendant; that such transfer was without consideration; that at the time of the transfer the stock was valued at more than $4,000 and that, at such time, decedent was insolvent. Plaintiff then sets forth the indebtedness of the deceased to her and alleges that the pretended transfer was made with the intent to hinder, defraud and delay plaintiff in the collection of said judgment and was, as to plaintiff,

fraudulent, null and void. By the second cause of action, after appropriate reallegations regarding the illegality of the transfer, plaintiff alleges that since April 6, 1921, there has accrued to plaintiff on account of the sums due under the separation agreement a total of upwards of $29,000, no part of which has been paid; that the agreement provided for a payment of $25 each week.

The denials to which the motion to strike out is directed are denials of any knowledge or information to form a belief that the judgments recovered by plaintiff against the deceased, prior to his death, for accrued alimony under the separation agreement and for costs, have not been paid, satisfied or otherwise discharged, except in part. Such a denial is neither sham nor frivolous. While, as a rule, payment is an affirmative defense, it is not such when plaintiff is seeking to establish her right to invoke a remedy against someone other than the original obligor. (See *Keiper* v. *Amico,* 174 Misc. 211.) Defendant also denies any knowledge or information to form a belief with respect to the making of the separation agreement and the contents thereof. This was not a public record; it was a paper possibly filed in a public office. The distinction is discussed in *People* v. *Clurman* (290 N. Y. 242, 245). Motions to strike out are not looked upon by the courts with favor. The falsity and bad faith of the answer must clearly appear. (*Steinberg* v. *Levy,* 139 Misc. 453; *Barnett* v. *Euromerican Cellulose Products Corp.,* 135 Misc. 675; *Youngs et al.* v. *Kent et al.,* 46 N. Y. 672; *Purdy* v. *McGarity,* 262 App. Div. 623.) The defendant in the present action was not involved in the prior suit and is entitled to require plaintiff to be put to her proof. This applies to the other allegations to which the motion to strike out is directed. The motion, so far as it demands relief striking out designated paragraphs covering these matters, is denied.

The defenses which plaintiff claims are insufficient in law are as follows: *First,* defendant pleads a conclusive presumption of payment (Civ. Prac. Act, § 44) because of the lapse of twenty years since the judgments were obtained. To this plaintiff answers that the receipt by plaintiff of the sum of $1,796.55, as hereinbefore set forth, has extended the statute, relying, as authority therefor, upon *Moran Towing & Transp. Co.* v. *Fleming* (25 N. Y. S. 2d 41, not officially reported, affd. without opinion 261 App. Div. 978, affd. without opinion 287 N. Y. 571). While it is true that the court below held that an involuntary payment was as effective to toll the statute as a payment entirely

voluntary when made out of the judgment debtor's property
and with his knowledge, an examination of the record reveals
that, upon appeal, the judgment creditor relied upon additional
grounds for sustaining the order than the reason appearing in
the memorandum upon which the court below based its decision.
The Court of Appeals did nothing more than approve of the
result at which the court below arrived, without, as a necessary
implication, adopting and approving of the reasoning of the
decision. (*Erie Railroad Co.* v. *International Railway Co.,*
209 App. Div. 380.)

On the other hand, there is abundant authority establishing
that in order to extend the statute by payment on account,
such payment must be either voluntary, by someone having
authority to represent the debtor or with subsequent ratification.
(1 Wood on Limitation of Actions at Law and in Equity [4th
ed ], p. 570; *Blair* v. *Lynch,* 105 N. Y. 636; *Arizona Fire Insur-
ance Co.* v. *King,* 172 Misc. 165; *Matter of Pappalau,* 261 App.
Div. 705.) The motion directed to the first defense is denied.

The second defense, directed to the second cause of action,
is based on the six-year Statute of Limitations; defendant con-
tends that because plaintiff brought suit on the agreement of
separation for unpaid accruals of sums to be paid thereunder,
she elected to treat the contract as at an end and that her
action was in reality for damages arising from a complete
breach thereof. With this contention the court is unable to
agree. In the absence of facts not appearing, indicating an
agreement or intention of the parties, it would be a grave injus-
tice if a husband could, in effect, deprive his wife of the benefit
of the contract, by refusing to make payments thereunder, with
the assurance that he would be released from all future liability
upon the institution of an action by his wife to recover install-
ments due and unpaid. Authority for this conclusion is not
lacking. (See *Randolph* v. *Field,* 165 App. Div. 279; *Ryskind* v.
*Ryskind,* 230 App. Div 481; *Woods* v. *Bard,* 259 App. Div. 1093.)

The complaint reveals no intent by plaintiff to elect to termi-
nate the contract by bringing suit. The answer alleges such an
election, but such an allegation is of a conclusion not of a fact.
Upon the present state of the pleadings, this defense will be
stricken out as insufficient but with leave to plead over within
ten days, if defendant is so advised, in order that ultimate
facts which would warrant pleading such a defense, if they do
in truth exist, may be affirmatively set forth. At the trial it will
develop whether or not the agreement of separation was an

instrument under seal. The defendant, by her denial, has put plaintiff to her proof at the trial with respect to the allegation contained in the complaint that the agreement of separation was under seal.

There is a third and partial defense, setting up the six-year Statute of Limitations, which applies to a simple contract (Civ. Prac. Act, § 48), by which defendant seeks to defeat recovery for any moneys due prior to December 28, 1937, the summons herein having been served December 20, 1943. Inasmuch as it may be necessary to establish whether or not the separation agreement was under seal before the applicability of the statute can be determined, this defense should not be stricken out on motion. Action thereon should be left to the trial court, the question to be determined as the proof developed may warrant. (See *Regan* v. *Nelden*, 178 Misc. 86.)

Plaintiff objects to the form of the general denials in the answer which, instead of following in exact words the language of the statute, take this form,—'' denies any knowledge or information to form a belief as to any allegations contained,'' etc. Section 261 of the Civil Practice Act requires a denial '' of any knowledge or information thereof sufficient to form a belief.'' While authorities may be found in support of and against plaintiff's contention, it is clear that plaintiff has not been misled by the form of the denial used; the intent of the pleader which can be reasonably spelled out of the language employed should be the controlling factor, providing there is a substantial compliance with the statute and the other party is put to no disadvantage in pleading. (See 3 Carmody on New York Pleading and Practice, §.982; *Jones* v. *Ludlum*, 74 N. Y. 61.) That has long been the attitude of the English courts. Many years ago Lord Bowen, who has been described as one of the ablest and most enlightened English judges, wrote: '' It may be asserted without fear of contradiction that it is not possible in the year 1887 for an honest litigant in Her Majesty's Supreme Court to be defeated by any mere technicality, any slip, any mistaken step in his litigation * * *. The law has ceased to be a scientific game that may be won or lost by playing some particular move.''

This attitude was strongly advocated by the late Chief Justice Walter Clark of the Supreme Court of the State of North Carolina, whose unusual ability, courage and accomplishments have been recently brought to the attention of the public in a carefully prepared and able biography by Aubrey Lee **Brooks**

of the North Carolina Bar. Judge CLARK lived far ahead of his era but not a few of his views, including those with respect to the prompt and speedy administration of justice and the disregard of unimportant technicalities, have long met with general approval throughout the country.

Plaintiff's motion that the denials be stricken out for insufficiency of pleading will not be granted. Settle order on notice.