SAMUEL ZIRN, Appellant, v. CLIFTON N. BRADLEY et al., Copartners Doing Business as CARRET, GAMMONS & Co., Respondents.— In this action for libel plaintiff moved pursuant to rule 109 of the Rules of Civil Practice, as amended September 15, 1944, to strike out the defenses contained in defendants' answer. One of the orders appealed from, dated November 3, 1944, granted plaintiff's motion only to the extent of striking out the third defense, which pleaded truth as justification, as a complete defense, but permitted it to remain as a partial defense. The order also permitted defendants to serve an amended answer. The second order appealed from, dated November 6, 1944, denied plaintiff's motion to modify, correct or clarify the order dated November 3, 1944. Order dated November 3, 1944, modified on the law (a) by granting appellant's motion to the further extent of striking out the first and second defenses and (b) by permitting respondents to serve an amended answer upon payment to appellant of ten dollars costs. As so modified, the order insofar as appealed from, is affirmed, with ten dollars costs and disbursements to appellant. Appeal from order dated November 6, 1944, dismissed, without costs. The first defense is insufficient. It is merely a repetition of a denial already contained in the answer. The second defense is insufficient. Although the occasion for defendants' letter was one where privilege would ordinarily attach (*Ashcroft* v. *Hammond,* 197 N. Y. 488) the language used by defendants was intemperate and attacked the professional standing of plaintiff rather than being limited to a criticism of him in connection with his work for the corporation of which the parties were stockholders. Under such circumstances, the defense of privilege is insufficient without a plea of truth. (*Triggs* v. *Sun Printing & Pub. Assn.,* 179 N. Y. 144.) As to the third defense, the jury may say that an attorney who initiates vexatious phases of a litigation is an " entrepreneur of vexatious litigations ", assuming that he did not initiate the entire proceeding. The fourth defense is sufficient as pleaded. (Newell on Slander and Libel [3d ed.], p. 1072.) Close, P. J., Carswell and Lewis, JJ., concur; Hagarty, J., with whom Adel, J., concurs, dissents in part with the following memorandum: I concur for dismissal of the appeal from the order of November 6, 1944, but dissent from so much of the modification of the order of November 3, 1944, as strikes out the first and second defenses and imposes payment of any costs by defendants to appellant as a prerequisite to serving an amended answer. The denials in the first defense should not be struck out merely because pleaded in the form of a separate defense, and to do so may give rise to the implication that defendants admit the meaning plaintiff attributes to the language complained of. A

determination as to whether a defense of qualified privilege should be struck out because of alleged intemperateness of language and as an attack by defendants on appellant's professional standing, should, in my opinion, not be made until the trial court has had the benefit of all the proof, as in the case of *Hamilton* v. *Eno* (81 N. Y. 116). Whether or not language is intemperate is dependent upon attendant circumstances. Thus, in *Klinck* v. *Colby et al.* (46 N. Y. 427), in the light of all the surrounding facts, the use of the words "robbed and swindled" was held not to have taken away the privileged character of the communication. The appellant was late in moving to dismiss these defenses and has been enabled to do so after many years only by reason of a recent statutory amendment. By the same token, he cannot complain of an amended answer at this late date. Under the circumstances no costs should be awarded to him as a condition to permitting defendants to serve the amended answer. Settle order on two days' notice. [See 269 App. Div. 672.]