MILTON SOLOMON, Respondent, v. FIORELLO H. LA GUARDIA et al., Appellants, et al., Defendants.— In an action to recover damages for libel, slander and malicious prosecution, appellants appeal from an order for their examination before trial. Order affirmed, with $10 costs and disbursements, the examination to proceed on five days' notice. No opinion. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur. [See *post,* p. 991.]

ANNA WEBER, Respondent, v. NATHAN RICHTER et al., Appellants.— In this foreclosure action, order granting summary judgment pursuant to rule 113 of the Rules of Civil Practice, striking out the defendants' answer, adjudging and decreeing that plaintiff is entitled to receive the sum of $822.07, together with the sum of $122.70 costs and disbursements, with interest, and directing the sale of the mortgaged premises, reversed on the law, without costs, and the motion denied, without costs. We are of opinion that the inconsistency of the documents executed at the closing of the mortgage to the Home Owners' Loan Corporation, including the release pleaded by defendants, creates a triable issue. Such issue cannot be resolved in favor of the plaintiff on the unverified statement of the attorney for the Home Owners' Loan Corporation. Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur. [See *post,* p. 1037.]

SAMUEL ZIRN, Appellant, v. CLIFTON N. BRADLEY et al., Copartners Doing Business as CARRET, GAMMONS & Co., Respondents.— In an action to recover damages for libel, plaintiff moved, *inter alia,* to strike out the entire first and second defenses contained in defendants' answer or, in the alternative, to strike out certain allegations contained therein and also to extend his time to make such motion. The Special Term denied plaintiff's motion to extend his time and denied the motion to strike out, not on the merits, but solely on the ground that the motion was not timely made. In our opinion it was an improper exercise of discretion to deny plaintiff's application to extend his time to make the motion. (*Fiorello* v. *N. Y. Prot. Episcopal City Mission Society,* 217 App. Div. 510; 11 Carmody on New York Pleading and Practice, § 872.) Motions to strike out parts of a pleading as improper are addressed to the sound discretion of the court (*Dodge* v. *Campbell,* 223 App. Div. 471), are not favored, and will be denied unless the court can see that the allegations have no possible bearing on the subject matter of the litigation. (*Goodrow* v. *New York American, Inc.,* 233 App. Div. 37, 40; *Nasmie Construction Co.* v. *Quasman,* 215 App. Div. 724; *Indelli* v. *Lesster,* 130 App. Div. 548.) Therefore, considering the motion to strike out on the merits, we cannot say that the allegations of which plaintiff complains do not have a direct bearing on the subject matter of the action, and that evidence of the facts pleaded therein would not be admissible on the trial. Moreover the plea of truth contained in the first defense of qualified privilege was inserted by defendants to meet the criticism of this court in striking out a similar defense on a prior appeal. (*Zirn* v. *Bradley,* 268 App. Div. 1063.) Resettled order modified on the law by striking from the first ordering paragraph the word "denied" and substituting in place thereof the word "granted"; and by striking from the second ordering paragraph the words "solely on the ground that the motion for such relief was not timely made". As so modified the order, insofar as appealed from, is affirmed, without costs. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.