J. Irwin Shapiro, J.
This is an action by plaintiffs, subcontractors, against the defendant Pumo, the general contractor, who has defaulted, against the defendant Eskof Real Estate, Inc., the owner, and against the defendants Samuelson and Shapiro, the lessees, to foreclose a mechanic’s lien filed against the owner’s property, and for a personal judgment against Pumo and the lessees.
The defendants Samuelson and Shapiro, hereinafter called the lessees, contracted with the defendant Pumo to supply labor and material to fit the subject premises as a delicatessen store and restaurant. The lessees agreed to pay Pumo $51,000, of which $15,000 was to be paid in cash, $26,000 in promissory notes, and the balance upon completion of the contract. The initial cash payment of $15,000 was made to Pumo by the lessees and on July 18, 1957, they delivered to him a series of 48 promissory notes, each in the sum of $540, the first payable on August 15, 1957, and the others payable monthly thereafter with provision for acceleration upon default. The first note, due on August 15, 1957, was paid, and on August 22, 1957, Pumo defaulted under and abandoned his contract with the lessees.
The lessees testified without contradiction, and I find it to be a fact, that the cost of completing the work after Pumo’s default was the sum of $70,000. Thus the lessees have paid for the work for which they contracted a total of $111,000, consisting of the $15,000 paid in cash to Pumo, $26,000 in notes and $70,000 to the contractor who completed the work following Pumo’s default, in place of the original contract price of $51,000.
Parenthetically it should be noted that the notes in question were only paid by the lessees or their corporation after they had contested the right of the plaintiffs, to whom those' notes were negotiated, to recover thereon, an unsuccessful attempt having *310 been made by them to assert a defense based upon Pumo’s default and the alleged purchase by the plaintiffs of the notes, with knowledge of all the pertinent facts. (Eaton v. Laurel Delicatessen Corp., 5 A D 2d 590, affd. 5 N Y 2d 1029.)
It is upon the basis of the provisions of section 3 of the Lien Law that plaintiffs seek to enforce a lien on the property of the defendant owner. That section, so far as here material, provides that “A contractor, subcontractor, laborer, materialman * * * who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent * * * shall have a lien for the principal and interest, of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this chapter.”
Plaintiffs’ counsel has submitted an excellent brief in an effort to establish that the mechanic’s lien filed by the plaintiffs is a valid-lien against the realty by reason of the owner’s “ consent ” to the improvement of the realty and its knowledge of the making of the improvements thereon (see, on this general question, Gescheidt & Co. v. Bowery Sav. Bank, 251 App. Div. 266, affd. 278 N. Y. 472; Delany & Co. v. Duvoli, 278 N. Y. 328, 331).
In view of the conclusion that I have reached on the facts it is unnecessary to determine whether the actions of the owner in this case come within the theory of the Gescheidt case, which finds liability on the theory of “consent”, or of the Delany case, which denies liability on the theory that “ The consent required by this section is not a mere acquiescence by the owner to improvements by a lessee in possession at his own expense. There must be some affirmative act by the owner.”
Section 4 of the Lien Law reads: “ In no case shall the owner be liable to pay by reason of all liens created pursuant to this article a sum greater than the value or agreed price of the labor and materials remaining unpaid, at the time of filing notices of such liens ”. Thus, the liability of the owner of realty to a lien claimant is limited to the amount due and ‘ ‘ remaining unpaid ’ ’ to the general contractor for the value of the labor and materials “ at the time of filing notices of such liens.” The lien of the plaintiffs, as subcontractors, gives them only the right to recover that which the general contractor would have had a right to recover, that is, they are subrogated to the rights of the latter and stand in his shoes. If the general contractor could not recover because he had already been paid that which was due him, or as in this case more than that sum, the subcontractor may *311 not assert a lien against the premises. (Kalt Lumber Co. v. Sterner, 121 Misc. 505; Szemko v. Weiner, 176 App. Div. 620; Dempsey v. Mt. Sinai Hosp., 186 App. Div. 334; Herrmann & Grace v. City of New York, 130 App. Div. 531, affd. 199 N. Y. 600; Maycumber v. Wolfe, 10 Misc 2d 464 [1958]; Soll v. Camardella, 277 App. Div. 1004.)
The burden of establishing that there is an indebtedness due to the general contractor is upon the lien claimant, the plaintiffs here. (Brainard v. County of Kings, 155 N. Y. 538; Lunde, Inc., v. Walker, 266 App. Div. 860, affd. 292 N. Y. 531; Schmidt v. Duggan, 15 Misc 2d 108.) In this case not only did the plaintiffs utterly fail to establish that at the time they filed their notice of mechanic’s lien there was any sum owing to the general contractor Pumo, but the proof is preponderantly to the contrary. As the record shows and as I have found as a fact, as hereinbefore stated, at the time that the plaintiffs filed their notice of lien the general contractor Pumo had been overpaid by the lessees and there was then nothing due to him. Consequently there was nothing to which the plaintiffs’ lien could attach. The court finds as a fact that the sole contract with the plaintiffs to furnish materials and labor to the subject premises was made by them with Pumo and with him alone. The attempted claim that the lessees personally were parties to the agreement and pledged their personal credit thereto is without foundation. It is palpably an afterthought born of a desire on the part of the plaintiffs to recoup for the injustice done to them by the general contractor, the defendant Pumo.
Accordingly the complaint is dismissed, but without costs, as against the defendants Eskof Real Estate, Inc., and Samuels on and Shapiro, and judgment is directed for the plaintiffs against the defendant Pumo in the sum of $5,250, with costs and interest from August 21, 1957.
The foregoing constitutes the determination of this court pursuant to section 440 of the Civil Practice Act. Proceed accordingly on notice.