Walter R Hart, J.
Motion by plaintiff for an order (1) pursuant to rule 103 of the Rules of Civil Practice, striking out paragraphs First, Third, Fifth and Sixth of the answer of Terry Contracting, Inc., as frivolous; (2) pursuant to subdivision 6 of rule 109, dismissing the first affirmative defense contained in paragraphs Eighth to Twenty-second, inclusive, on the ground that said defense consists of new matter insufficient in law as to plaintiff; (3) pursuant to rule 109, dismissing the second affirmative defense on the ground that said defense consists of new matter insufficient in law as to plaintiff; or, in the alternative (4) pursuant to rule 103, striking out paragraphs Tenth to Twenty-second, inclusive, of defendant’s answer, or portions thereof, insofar as they relate to certain impleaded codefendants on the ground that such allegations are sham, frivolous and irrelevant insofar as plaintiff is concerned; (5) pursuant to rule 103, striking out paragraphs Tenth, Eleventh, *747 Thirteenth, Fourteenth and Fifteenth of the defendant’s answer on the ground that the paragraphs contain allegations which tend to modify by parol evidence the written contract attached to said answer and by reason thereof are sham, frivolous and irrelevant and may embarrass or delay the fair trial of the action.
The action is to foreclose a mechanic’s lien. The complaint alleges that defendant Kenray Realty Corp., hereinafter referred to as Kenray, employed defendant Terry Contracting, Inc., referred to hereafter as Terry, as general contractor to demolish certain buildings on Kenray’s property and to erect new buildings thereon; that Terry employed the defendant Abe Goldstein Wrecking Co., Inc., hereafter referred to as Wrecking Co., to demolish the buildings; that Wrecking Co. contracted with plaintiff for plaintiff to furnish certain equipment and material to be used in connection with such demolition; that plaintiff refused to contract with the Wrecking Co. unless Terry guaranteed payment, which Terry agreed to do; that plaintiff furnished to Wrecking Co. equipment and labor which was used in furtherance of Terry’s work with Kenray; that Wrecking Co. failed to pay plaintiff; that plaintiff filed a lien for the amount due and that at the time the lien was filed Terry had performed part of its contract with Kenray and that there was due from Kenray to Terry a sum in excess of plaintiff’s lien.
Paragraph First of the answer, sought to be stricken, denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs of the complaint numbered 12,14,19, 20, 24, 27, 30, 32 and 34, which refer to transactions or matters between plaintiff and parties other than defendant Terry and of which said defendant ordinarily would not be said to have knowledge and as to which Terry is entitled to require plaintiff to be put to its proof. (Cf. Montello v. Manhattan Fire & Marine Ins. Co., 250 App. Div. 610.) Motions to strike out parts of a pleading are addressed to the sound discretion of the court (Zirn v. Bradley, 269 App. Div. 961) and the falsity and bad faith of the answer must clearly appear. (Sanches v. Spitzka, 183 Misc. 413.) As to paragraph Third of the answer which admits part of the allegations contained in paragraph 16 of the complaint and denies knowledge or information as to the balance, defendant is also entitled to put plaintiff to its proof with respect thereto. Paragraph Fifth of the answer denies knowledge or information sufficient to form a belief as to whether the lien as filed complied in all respects with the statute. While denials of knowledge or information of matters of public record are not permitted as to the allegation of the filing or of the contents of *748 the notice of lien (Rochkind v. Perlman, 123 App. Div. 808, 812), defendant’s denial is not directed against the filing of the lien or its contents but to other allegations in said paragraph contained and as to which defendant is entitled to put plaintiff to its proof. Paragraph Sixth of the answer denies knowledge or information as to the allegations in paragraph 26 of the complaint as to service of the lien upon others than defendant Terry. The affidavit of defendant’s secretary sets forth the basis for defendant’s claim of lack of knowledge and establishes the good faith of defendant’s pleading. Further, it is not shown how such denials would delay the trial of the action or embarrass the plaintiff in the prosecution thereof.
For all of the foregoing reasons, plaintiff’s motion under rule 103 is denied.
Plaintiff also moves, pursuant to subdivision 6 of rule 109, to dismiss the first affirmative defense set forth in paragraphs Eighth to Twenty-second of the answer on the ground that the defense consists of new matter insufficient in law as to plaintiff.
Defendant alleges, in this defense, that defendant Terry’s subcontractor, Wrecking Co., breached its contract with Terry, and abandoned same; that Terry had to complete the work at a cost in excess of the sum due Wrecking Co. and that, by reason thereof, there were no moneys due Wrecking Co. and that therefore Wrecking Co.’s subcontractor may not recover on the lien filed. While the answer labels it as a first, separate and complete defense and as and for a separate and complete cross claim against Wrecking Co. and others, the court, on this motion,, is concerned only with the allegations which have to do with respect to the defense of the action. A subcontractor’s lien rests upon the theory of subrogation (Szemko v. Weiner, 176 App. Div. 620) and a lienor is restricted in his claim to satisfaction out of whatever amount, if any, is due and unpaid from the owner to the general contractor. (Soll v. Camardella, 277 App. Div. 1004; Lien Law, § 4.) Under such theory of subrogation, if no money is due Wrecking Co. from defendant Terry, there is no fund to which plaintiff’s lien can attach. (Dempsey v. Mount Sinai Hosp., 186 App. Div. 334, 336 and cases cited.) The defense as pleaded is legally sufficient and the motion to strike it is denied.
The second, separate and complete defense, insofar as it repeats the defense contained in the first separate defense, is unnecessary and defendant is sufficiently protected by the allegations contained in the first separate defense. The motion to strike this defense is granted.
*749 The motion, insofar as it seeks to strike out paragraphs Tenth to Twenty-second, inclusive, in the answer, constituting the first affirmative defense and cross claim, on the ground that they are sham and frivolous and irrelevant as to plaintiff, is denied. It has already been held that the first affirmative defense is legally sufficient and there is no showing by plaintiff that such affirmative defense is sham or “ false.” Even were the defense held to be irrelevant, which it is not, there being no showing of prejudice to plaintiff, it will not be stricken since motions to strike out are not favored. (Solomon v. La Guardia, 267 App. Div. 435; Zirn v. Bradley, 269 App. Div. 961.)
Plaintiff’s motion to strike out paragraphs Tenth, Eleventh, Thirteenth, Fourteenth and Fifteenth of the answer on the ground that they tend to modify by parol evidence a written agreement and therefore are sham and frivolous and may delay the trial of the action, is also denied since those paragraphs concern defendant’s cross claim against impleaded defendants between whom and the defendant there is a controversy. Plaintiff, not being a party to such agreement, may not invoke the parol evidence rule. (Folinsbee v. Sawyer, 157 N. Y. 196, 199; Matter of Lavery, 79 N. Y. S. 2d 27, 30, affd. 275 App. Div. 674.)