◼ FROST HOUSE, INC., Respondent, v. PREFERRED MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.—

Whether the hazard was increased by means within the control of the insured is an issue of fact. (*Montello* v. *Manhattan Fire & Marine Ins. Co.,* 250 App. Div. 610.) The extension of coverage to the property when vacant or unoccupied without limit of time did not entitle the insured to otherwise increase the fire hazard by abandonment and disrepair. Whether the abandonment or disrepair here was sufficiently extensive or protracted in time to constitute an increased hazard within the terms of the policy, giving effect to the vacancy clause, is an issue of fact. Moreover, on this record there is no basis for a finding of the cash value at the time of the loss. Neither market nor replacement value, which the record does not establish, is determinative. The factors among others properly considered in the determination of the cash value, if demonstrated by competent evidence, are the condition of the property, its use or abandonment, and the purpose to

demolish. (*Gervant* v. *New England Fire Ins. Co.*, 306 N. Y. 393; *McAnarney* v. *Newark Fire Ins. Co.*, 247 N. Y. 176.) We find there is no merit to the first defense alleging that plaintiff is not the insured. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.