George F. X. McInerney, J.
This action is before the court after a trial without a jury to foreclose a mechanic’s lien filed by the plaintiff against certain real property located at Southampton, New Tort, owned by the defendant, Albert Palmer Loening, Jr., upon which the defendant Van Carl Construction Co., Inc., was the general - contractor, Terry & DuFrane, Inc., was a subcontractor.
Lumber and building materials had been ordered by Terry & DuFrane, Inc., with the knowledge and consent and on behalf of the general contractor, Van Carl Construction Co., Inc., from the plaintiff for use in doing certain work on the premises owned by Albert Palmer Loening, Jr. When the materials were not paid for the plaintiff filed a mechanic’s lien in the Suffolk County Clerk’s office against the interest of Terry & DuFrane, Inc., as subcontractor, Van Carl Construction Co., Inc., as general contractor, and Albert Palmer Loening, Jr., as the owner of the subject property. The said lien was filed on May 12, 1971. On May 28, 1971, Terry & DuFrane, Inc. made an assignment for the benefit of creditors to the defendant, I. Leonard Feigenbaum.
*28 The court has already agreed to render judgment in behalf of the plaintiff against the defendant, Van Carl Construction Co., Inc., and against I. Leonard Feigenbaum in his capacity as assignee of Terry & DuFrane, Inc. The defendant Albert Palmer Loening, Jr., has been discharged on the ground that at the time of filing of the mechanic’s lien and the assignment for the benefit of creditors, there were no moneys due and owing to the defendant Terry & DuFrane, Inc., and in addition that the said Albert Palmer Loening, Jr., had made payment of all. moneys due and owing to the defendant, Terry & DuFrane, Inc., as of the date that said mechanic’s lien was filed by the plaintiff.
The sole issue to be decided is whether the plaintiff should be a preferred creditor of Terry & DuFrane, Inc,, in the assignment for the benefit of creditors proceeding in accordance with the plaintiff’s contention.
The court’s opinion is that the plaintiff is not a preferred creditor of Terry & DuFrane, Inc., but stands in the same position as other general creditors of the assignee.
A subcontractor’s lien rests upon the theory of subrogation and is restricted to satisfaction out of whatever amount, if any, is due and unpaid from the owner to the general contractor. (Central Val. Concrete Corp. v. Montgomery Ward & Co., 34 A D 2d 860; Lorber v. Eskof Real Estate, 21 Misc 2d 308.) Albert Palmer Loening, Jr., has already paid the contract price in full and owes nothing to Terry & DuFrane, Inc., as of . the date the mechanic’s lien was filed.
Under the theory of subrogation, there is no fund to which the subcontractor’s lien can attach if there is no money due to the prime contractor. (Van Clief v. Von Vechten, 130 N. Y. 571.)
The burden is on the subcontractor to establish a fund subject to his lien, namely, money available from the owner and owing to the contractor. (Lorber v. Eskof Real Estate, supra.) In our case the plaintiff did not even show a specific fund in the assignee identified with money paid by the owner.
The case of Kane Co. v. Kinney (174 N. Y. 69) is not germane to the issues iti our case.