OPINION OF THE COURT
Norman C. Ryp, J.
a. ISSUE
Whether a (fabricated stainless steel) sub-subcontractor can enforce a mechanic’s lien under Lien Law article 3 after subcontractor and general contractor (to erect a McDonald’s storefront) have both been fully paid. An issue of budding and building first impression.
This is a Lien Law §59 special proceeding in which petitioner, Ace Contracting Company, seeks to vacate the mechanic’s lien filed on the premises known as 1499 Third Avenue (Block 1530, Lot 48), New York, New York by respondent, *476 Milgo Industrial, Inc. For the hereinbelow stated reasons, the petition is granted.
B. FACTS
Petitioner, Ace Contracting Company, a New York corporation with offices at 5809 16th Avenue, Brooklyn, New York, was the contractor of record on the construction of a Yorkville storefront for McDonald’s Restaurant at 1499 Third Avenue (Block 1530, Lot 48), New York, New York.
Respondent, Garfield & Arma Associates, was hired by petitioner as subcontractor for the above construction for the agreed sum of $122,680.
Respondent, Garfield & Arma Associates, retained respondent, Milgo Industrial, Inc., to supply fabricated architectural stainless steel for the above construction and an order acknowledgment was issued by Milgo Industrial, Inc., on May 3, 1989, in the amount of $41,000. The last item in the order was picked up by Garfield & Arma Associates on September 14, 1989, and an invoice for $41,000 pursuant to the May 3, 1989, order acknowledgment was mailed to Garfield & Arma Associates on September 15, 1989.
On or about December 14, 1989, Garfield & Arma Associates received full payment of $122,680 from petitioner and executed a final waiver of lien for the above construction.
To date, Milgo Industrial, Inc., has received $28,920 from Garfield & Arma Associates toward the original contract amount of $41,000, leaving a balance due of $11,080. On or about April 27, 1990, Milgo Industrial, Inc. duly filed to enforce the subject mechanic’s lien under Lien Law §§ 10, 41 in the amount of $11,080 on 1499 Third Avenue (Block 1530, Lot 48), New York, New York.
Petitioner commenced herein special proceeding by order to show cause on July 3, 1990, to vacate respondent’s mechanic’s lien, under Lien Law § 59.
c. parties’ contentions
In support, petitioner contends the mechanic’s lien filed by Milgo Industrial, Inc. is invalid because the full contract amount has been paid to subcontractor, Garfield & Arma Associates, and, therefore, the lien should be vacated.
In opposition, respondent, Milgo Industrial, Inc., contends the mechanic’s lien is valid and proper because the entire contract amount of $41,000 was not paid or disputed by Garfield & Arma Associates.
*477 D. ANALYSIS AND APPLICABLE LAW
A mechanic’s lien is a means of obtaining satisfaction for unpaid services, however, where a subcontractor is the lienor, it is based upon the subrogation theory and is only valid up to the amount, if any, still due and unpaid to the contractor. (See, Szemko v Weiner, 176 App Div 620 [2d Dept 1917]; Soll v Camardella, 277 App Div 1004 [2d Dept 1950]; Curialle & Co. v Kenray Realty Corp., 25 Misc 2d 745, 748 [Sup Ct, Kings County 1960].) If there are no moneys due then there is no fund to which the subcontractor’s lien can attach. (Dempsey v Mount Sinai Hosp., 186 App Div 334 [1st Dept 1919], affd 227 NY 661 [1920].)
In this instance, Milgo Industrial, Inc., is the subcontractor of Garfield & Arma Associates who have been paid in full under the contract with petitioner, Ace Contracting Company, therefore, there are no moneys due for Milgo Industrial to attach. Accordingly, the petition is granted and the mechanic’s lien filed by Milgo Industrial, Inc. under Lien Law § 10 is vacated.
E. CONCLUSION
For the hereinabove stated reasons, the petition to vacate the mechanic’s lien filed by Milgo Industrial, Inc., on or about April 27, 1990, on the premises known as 1499 Third Avenue (Block 1530, Lot 48), New York, New York, is granted and the mechanic’s lien is vacated.