■ JOHN G. MAJTAN, Appellant, v MADISON MUTUAL INSURANCE COMPANY, Respondent. [672 NYS2d 458] —Carpinello, J. Appeal from an order of the Supreme Court (O'Brien, III, J.),

entered June 11, 1997 in Madison County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was the owner of a three-unit apartment building located in the City of Utica, Oneida County. When plaintiff first acquired the property, it was fully occupied and plaintiff insured it through a commercial insurance policy issued by defendant. However, by November 1993 all of the tenants had moved out of the building. Thereafter, plaintiff turned off all the utilities and had the meters removed without notifying defendant. The water for the building was also turned off in April 1994. Plaintiff alleges that by May 1994 he had allowed a "homeless" man named David Melendez to rent one of the apartments for a nominal rent of $100 a month notwithstanding the absence of heat, electricity or water in the building. Plaintiff conceded that he performed no background or credit check on Melendez, who was unemployed, and that he did not know how Melendez planned to live and stay warm in the building. Plaintiff testified that during the entire period Melendez allegedly resided in the building, from spring 1994 to summer 1995, plaintiff received a total of $250 in rent.

Thereafter, in August 1995 an unknown individual apparently set fire to the building, destroying it. Plaintiff, who claimed that he last saw Melendez a few weeks before the fire, submitted a claim to defendant for damages. Following an investigation, defendant disclaimed coverage under several provisions of the insurance policy, including one stating that coverage "is suspended when any hazard is increased by any means within [the insured's] knowledge or control". Plaintiff then commenced this action seeking to enforce the policy. Supreme Court granted defendant's subsequent motion for summary judgment dismissing the complaint from which plaintiff now appeals.

There must be an affirmance. An increase in the hazard insured against "takes place when a new use is made of the property, or when its physical condition is changed from that which existed when the policy was written, and the new use or changed condition increases the risk assumed by the company" (*Sebring v Firemen's Ins. Co.*, 227 App Div 103, 104; *see, Ampersand Hotel Co. v Home Ins. Co.*, 198 NY 495). Clearly, abandonment and disrepair are factors which can increase a fire hazard (*see, Frost House v Preferred Mut. Ins. Co.*, 15 AD2d 741).

While generally the question of whether a hazard was increased by means within the control of the insured is an is-

sue of fact (see, id.; see also, Fadel v Colonial Indem. Ins. Co., 227 AD2d 950), summary judgment is appropriate when the opponent of such a motion fails to raise a material issue of fact (see, CPLR 3212 [b]). Here, from the evidence in the record and plaintiff's own testimony, it is apparent that there is no substantive dispute as to the condition of the building at the time of the fire as opposed to its condition when plaintiff first took out the subject policy. Plaintiff himself turned off the utilities and nothing contradicts defendant's proof that the building was in a state of disrepair and uninhabitable. Thus, we have no difficulty stating as a matter of law that plaintiff knowingly increased the risk of hazard to the building based on the unrefuted proof in the record.

Our determination that defendant was properly granted summary judgment by virtue of the increased risk clause in the policy renders academic the remaining arguments raised by the parties.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.