PERI FORMWORK SYSTEMS, INC., Appellant-Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY et al., Respondents, and ARCH INSURANCE COMPANY et al., Respondents-Appellants. [884 NYS2d 129]—

In a consolidated action, inter alia, to recover on payment bonds and bonds filed to discharge mechanic's liens, the plaintiff appeals, as limited by its brief, from so much of an order of the

Supreme Court, Westchester County (Rudolph, J.), entered March 26, 2008, as denied those branches of its motion which were for summary judgment on its claims to recover on payment bonds issued by the defendants Lumbermens Mutual Casualty Company, American Motorists Insurance Company, and Arch Insurance Company, and on its claims for an award of an attorney's fee against the defendant LC White Plains, LLC, and granted that branch of the defendants' cross motion which was for summary judgment dismissing those claims, and the defendants Arch Insurance Company, LC White Plains, LLC, George A. Fuller Company, Inc., and Cappelli Enterprises, Inc. cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the plaintiff's claims to recover on two bonds filed to discharge its mechanic's liens and granted that branch of the plaintiff's motion which was for summary judgment on those claims.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on its claims to recover on two bonds filed to discharge its mechanic's liens, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on its claims to recover on payment bonds issued by the defendants Lumbermens Mutual Casualty Company, American Motorists Insurance Company, and Arch Insurance Company and on its claims for an award of an attorney's fee against the defendant LC White Plains, LLC (hereinafter LC), and properly granted that branch of the cross motion which was for summary judgment dismissing those claims. Here, the plaintiff, a third-party beneficiary under the payment bonds at issue, failed to make a prima facie showing that it complied with the notice requirements of the payment bonds. In opposition to the motion and in support of the cross motion, the defendants' submissions established, prima facie, that the plaintiff breached a condition precedent to recovery by not complying with the notice requirements (*see Lynbrook Glass & Architectural Metals Corp. v Elite Assoc.*, 225 AD2d 525 [1996]), and the plaintiff failed to raise a triable issue of fact in response. Since the plaintiff failed to establish its entitlement to recover on the bonds, it was not entitled to an attorney's fee pursuant to General Obligations Law § 5-322.3 due to the failure of LC to file the bonds with the County Clerk.

However, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on its claims to recover on two bonds filed to discharge its mechanic's liens. The plaintiff's liens were valid only as to any amount still due and unpaid to the subcontractor, Rogers & Sons Concrete, Inc. (*see Clifford Broman & Son v Town of Babylon*, 222 AD2d 643 [1995]; *Ace Contr. Co. v Garfield & Arma Assoc.*, 148 Misc 2d 475, 477 [1990]). Since a triable issue of fact exists as to whether the subcontractor was owed any money and, if so, the amount, at the time the plaintiff's liens were filed, the plaintiff was not entitled to summary judgment (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). For the same reasons, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing these claims.

The defendants' remaining contention is without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.