[975 NYS2d 422]

PERI FORMWORK SYSTEMS, INC., Appellant-Respondent, v LUM-
BERMENS MUTUAL CASUALTY COMPANY et al., Defendants,
and ARCH INSURANCE COMPANY et al., Respondent-
Appellants.

Second Department, November 13, 2013

APPEARANCES OF COUNSEL

*Neal Brickman, P.C.*, New York City (*Aaron A. Mitchell* of counsel), for appellant-respondent.

*DelBello Donnellan Weingarten Wise & Wiederkehr, LLP*, White Plains (*Patrick M. Reilly* of counsel), for respondents-appellants.

## OPINION OF THE COURT

CHAMBERS, J.

During a nonjury trial in this action, the plaintiff argued

that, under the doctrine of law of the case, it was not required to prove the amount it was owed on its mechanic's liens because this Court had previously determined that issue on a prior appeal (see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 65 AD3d 533 [2009]). After the trial, the Supreme Court adopted the plaintiff's argument. This was error because this Court did not resolve that issue on the prior appeal. Since the plaintiff failed to carry its burden of proving the amount it was owed on its mechanic's liens, it was not entitled to recover on the subject bonds filed to discharge the liens. In addressing the issues raised on this appeal, we take the opportunity to review the statutory requirements for recovery under the Lien Law, and the limits on recovery imposed by the principle of subrogation.

The defendants LC White Plains, LLC (hereinafter LC White Plains) and Cappelli Enterprises, Inc. (hereinafter Cappelli, and hereinafter together the owners) owned the White Plains City Center (hereinafter the property). The owners contracted with the defendant George A. Fuller Company (hereinafter the general contractor) to construct several buildings in multiple phases at the property. The general contractor hired Rogers & Sons Concrete, Inc., as a concrete subcontractor (hereinafter the concrete subcontractor), who, in turn, hired the plaintiff, a sub-subcontractor, to provide formwork and related supplies and services. The concrete subcontractor and the plaintiff entered into a rental agreement pursuant to which the plaintiff agreed to supply certain materials at a rental rate of 5% of list value per 28-day period.

On March 19, 2004, the plaintiff filed a mechanic's lien in the sum of $423,055.97. On March 31, 2004, the defendant Arch Insurance Company (hereinafter Arch) posted a surety bond in the sum of $466,296.57, discharging the lien. A second lien was filed on November 4, 2004, in the sum of $57,966.89. On September 26, 2005, Cappelli and Arch posted a lien discharge bond in the sum of $63,763.58.

The plaintiff then commenced this consolidated action against, among others, the owners, the general contractor, and Arch, inter alia, to recover on the bonds. At the completion of discovery, the plaintiff moved for summary judgment on the claims to recover on the bonds. In an order entered March 26, 2008, the Supreme Court, inter alia, granted that branch of the plaintiff's motion, stating:

> "The Court finds that [the plaintiff] has established
> its entitlement to summary judgment as to the Arch

> surety lien bonds filed with respect to the amounts alleged to be due under the [concrete subcontractor's] contracts; defendants have raised no genuine issues of fact with respect thereto. Accordingly, [the plaintiff] is granted summary judgment with respect to [the] Arch surety bonds."

The plaintiff appealed from that order, and the owners, the general contractor, and Arch cross-appealed from the order. This Court modified the order by denying that branch of the plaintiff's motion which was for summary judgment on its claims to recover on the two bonds filed to discharge its mechanic's liens (*see id.* at 534). In the body of the decision and order, this Court explained that the plaintiff's

> "liens were valid only as to any amount still due and unpaid to the [concrete] subcontractor. Since a triable issue of fact exists as to whether the [concrete] subcontractor was owed any money and, if so, the amount, at the time the plaintiff's liens were filed, the plaintiff was not entitled to summary judgment" (*id.* at 535 [citations omitted]).

The action proceeded to a nonjury trial, where counsel for the plaintiff continually asserted that he did not need to prove the amount the plaintiff was owed on its mechanic's liens. At the outset of trial, counsel for the plaintiff maintained that this Court's prior decision and order limited the issue presented to determining "the amount of money that was due and owing from [the owners and the general contractor] to [the concrete] subcontractor . . . at the time of the filing of the mechanic's lien or thereafter." Later, during cross-examination of the president of the concrete subcontractor, counsel for the plaintiff objected to a line of inquiry regarding the amount of the liens, asserting that the liens had already been found valid by this Court, and reiterating his position that the issue at trial was limited to "the amounts still due to the [concrete] subcontractor." Counsel's objection was overruled. During the trial, evidence was produced showing that the general contractor owed money to the concrete subcontractor as of March 19, 2004, when the first lien was filed, and that the general contractor paid the concrete subcontractor approximately $2.7 million after the liens were filed.

On June 4, 2010, the plaintiff moved pursuant to Lien Law § 19 (4) (d) and CPLR 2508 to require the owners to post an additional undertaking in the sum of $308,465.43 to bond the

mechanic's liens, claiming that the interest on the liens exceeded the amount of the bonds by that amount. In an order entered October 19, 2010, the Supreme Court denied the motion.

In a decision entered December 14, 2010, the Supreme Court directed dismissal of the complaint insofar as asserted against LC White Plains and the general contractor, and found that the plaintiff was entitled to judgment against Arch and Cappelli in the principal sum of $530,060.15, the total sum of the bonds. The court noted that, since there was no privity between the owners and the plaintiff, the measure of the plaintiff's liens was the value of the labor and material added to the property, rather than the contract price. The court further stated:

> "Be that as it may, as indicated above, Defendants challenged the validity of the liens when they moved for summary judgment before Justice Rudolph. Whether they challenged them as exceeding the reasonable value of the materials furnished does not appear. In any event, Justice Rudolph held them valid as to the amounts claimed therein and that holding was affirmed on appeal. It is therefore law of the case."

On May 31, 2011, the Supreme Court entered judgment in favor of the plaintiff and against Arch and Cappelli in the principal sum of $530,060.15.

■ Lien Law § 3 provides, inter alia, that a "subcontractor [or] materialman . . . who performs labor or furnishes materials for the improvement of real property . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved or to be improved." In other words, a lienor is required to prove the debt it is owed, which requires proof of either the price of its contract or the value of the materials supplied to the project (*see* 76A NY Jur 2d, Mechanics' Liens § 24 ["A subcontractor is allowed to claim to the extent of (his or her) debt"]). As explained in two leading New York treatises on mechanic's liens,

> "[t]he amount of a mechanic's lien is limited by the contract under which it is claimed; the lienor should ordinarily be bound by the price term contained in the contract to which lienor is a party . . . Typically, the 'value' measure would be resorted to if there were no 'agreed price.' In an appropriate case,

however, the 'value' measure might be substituted for the 'price' measure" (Jenean Taranto, Mechanics' Liens in New York § 2:3 [34 West's NY Prac Series 2013]; *see* 8-92 Warren's Weed, New York Real Property § 92.11 [2]).

In addition to a lienor's right to recover being limited by the contract price or reasonable value of the materials provided, it is further limited by the principle of subrogation (*see* 8-92 Warren's Weed, New York Real Property § 92.11 [1], [4]; Jenean Taranto, Mechanics' Liens in New York § 2:3 [34 West's NY Prac Series 2013]). Lien Law § 4 (1) provides,

> "If labor is performed for, or materials furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon. In no case shall the owner be liable to pay by reason of all liens created pursuant to this article a sum greater than the value or agreed price of the labor and materials remaining unpaid, at the time of filing notices of such liens, except as hereinafter provided."

In other words, no individual mechanic's lien can exceed the amount owed by the owner to the general contractor at the time of filing the lien (*see Kaback Enters., Inc. v Oxford Constr. Dev., Inc.*, 2010 NY Slip Op 33722[U] [Sup Ct, NY County 2010]). Money still due and owing from the owner to the contractor at the time of the filing of the lien, plus any sums subsequently earned thereon, is known as the "lien fund" (*see* 8-92 Warren's Weed, New York Real Property § 92.11 [4]). The subcontractor's right to recover is derivative or subrogated to the right of the general contractor to recover. Thus, if the general contractor is not owed any amount under its contract with the owner, then the subcontractor may not recover (*see Timothy Coffey Nursery/Landscape v Gatz*, 304 AD2d 652, 653-654 [2003] ["the rights of a subcontractor are derivative of the rights of the general contractor and a subcontractor's lien must be satisfied out of funds due and owing from the owner to the general contractor at the time the lien is filed" (internal quotation marks omitted)]). The purpose of this provision is "to limit the liability of the owner in the aggregate to the amount which he had contracted to pay" (*Heckmann v Pinkney*, 81 NY 211, 217 [1880]). Where sub-subcontractors are involved, this rule becomes more complex, because the principle of subrogation ap-

plies to all tiers of subcontractor liens. "Each party is subrogated to the rights of the contractor or subcontractor on the contracting tier above him" (8-92 Warren's Weed, New York Real Property § 92.11 [4] [a]). Therefore, in the case of a sub-subcontractor or a materialman to a subcontractor, it

"may not enforce its lien for an amount in excess of either (1) the amount of money owed to him by the subcontractor; (2) the amount of money owed by the general contractor to the subcontractor; or (3) the amount of money owed by the owner to the general contractor" (*id*. § 92.11 [4] [c] [i]).

Here, the plaintiff, a sub-subcontractor, failed to prove at trial the amount it was owed on its liens through evidence of either the agreed price or the value of the materials it supplied to the project. Although there was a contract between the plaintiff and the concrete subcontractor, it did not call for an agreed price. The contract had only a "general pricing guideline," calling for a rental rate of 5% of list value, which was not proven. In addition, the plaintiff did not prove the reasonable value of the materials it supplied to the project. In fact, the plaintiff does not argue that it proved either that there was an agreed price or the reasonable value of the materials it supplied to the project. Instead, consistent with its argument at trial, it relies on the doctrine of the law of the case, asserting that this Court upheld the Supreme Court's award of summary judgment to it on this issue when this Court stated that "[t]he plaintiff's liens were valid only as to any amount still due and unpaid to the [concrete] subcontractor" (65 AD3d at 535).

 As a general rule, the doctrine of law of the case precludes this Court from re-examining an issue which has been raised and decided against a party on a prior appeal where that party had a full and fair opportunity to address the issue (*see People v Evans*, 94 NY2d 499, 502 [2000]; *Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d 213, 217 [2009]; *Allison v Allison*, 60 AD3d 711 [2009]). The doctrine of law of the case is a judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided, and is not a limit to their power (*see People v Evans*, 94 NY2d at 503; *Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d at 217-218). However, contrary to the plaintiff's contention, as well as the conclusion of the Supreme Court, the doctrine of law of the case has no applicability here, because the issue of the amount owed to the plaintiff on its liens was not resolved on

the prior appeal (*see Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717 [2012]). To the contrary, as evidenced by the decretal paragraph in the Court's prior decision and order, the plaintiff's motion for summary judgment on its claims to recover on the bonds was denied in its entirety. Nothing on the issue of the extent of the lien, as decided by the Supreme Court, was left intact by that decision and order. The plaintiff's reliance on language in the body of this Court's decision and order, stating that the plaintiff's "liens were valid only as to any amount still due and unpaid to the [concrete] subcontractor," is misplaced. That statement was made in the context of evaluating the issue of the existence of a lien fund, not the issue of the amount owed to the plaintiff on its liens. In other words, the plaintiff misconstrues a statement relating to the existence of a lien fund as a statement about the extent of the debt owned to the plaintiff on its liens. This Court's singular use of the word "valid" was not an award of partial summary judgment on the extent of the debt owed on the liens. Therefore, once the plaintiff's motion for summary judgment on the claims to recover on the bonds was denied in its entirety, it had the obligation of proving each and every element of its claims. Since it failed to do so, it was not entitled to recover on the bonds filed to discharge its liens (*see Metropolitan Steel Indus., Inc. v Perini Corp.*, 36 AD3d 568, 570 [2007]).

In light of our determination, the parties' remaining contentions, including those raised by the plaintiff on its appeal from the order denying its motion for an additional undertaking, have been rendered academic.

The appeal from the order entered October 19, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]). In addition, we dismiss the appeal from that order as academic in light of our determination on the appeal from the judgment.

Accordingly, the appeal from the order is dismissed, the judgment is reversed, on the law, the complaint is dismissed insofar as asserted against Arch and Cappelli, and the action is severed against the remaining defendants.

RIVERA, J.P., ANGIOLILLO and ROMAN, JJ., concur.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is dismissed insofar as asserted against the defendants Arch Insurance Company and Cappelli Enterprises, Inc., and the action is severed against the remaining defendants; and it is further,

Ordered that one bill of costs is awarded to the defendants Arch Insurance Company and Cappelli Enterprises, Inc.