Proline Concrete of WNY, Inc. v G.M. Crisalli & Assoc., Inc. (2019 NY Slip Op 08299)





Proline Concrete of WNY, Inc. v G.M. Crisalli & Assoc., Inc.


2019 NY Slip Op 08299


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


936 CA 18-01467

[*1]PROLINE CONCRETE OF WNY, INC., PLAINTIFF-RESPONDENT,
v
G.M. CRISALLI & ASSOCIATES, INC., INTERNATIONAL FIDELITY INSURANCE COMPANY, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






SHEATS & BAILEY, PLLC, LIVERPOOL (EDWARD J. SHEATS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (GEFFREY GISMONDI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 10, 2018. The order, among other things, granted in part plaintiff's motion for summary judgment and awarded plaintiff a money judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed insofar as it concerns that part of plaintiff's motion with respect to the counterclaim for willful exaggeration of the mechanic's lien, and the order is modified on the law by denying those parts of the motion seeking summary judgment against defendant G.M. Crisalli & Associates, Inc. on the breach of contract cause of action in the amount of $312,389.29 plus interest and against defendant International Fidelity Insurance Company on the claim for foreclosure of the mechanic's lien in the amount of $312,389.29 plus interest and vacating the award of damages, and denying that part of the motion seeking summary judgment dismissing the counterclaim for breach of contract, and as modified the order is affirmed without costs.
Memorandum: Defendant G.M. Crisalli & Associates, Inc. (Crisalli), a general contractor, entered into a subcontract with plaintiff pursuant to which plaintiff agreed to perform certain concrete work in connection with the construction of a Wal-Mart Supercenter. Following a disagreement regarding the subcontract, plaintiff commenced an action against Crisalli seeking damages in the amount of $422,123.04 plus statutory interest for, inter alia, breach of contract. Shortly thereafter, plaintiff filed a mechanic's lien for the claimed unpaid amount. Crisalli then issued a bond discharging the mechanic's lien through its surety, defendant International Fidelity Insurance Company (Fidelity). As a result, plaintiff commenced a second action against, inter alia, Crisalli and Fidelity (collectively, defendants) seeking, among other things, foreclosure of the mechanic's lien. Crisalli filed counterclaims for breach of contract and exaggeration of the mechanic's lien.
After the two actions were consolidated, plaintiff moved for summary judgment against Crisalli on the cause of action for breach of contract and against Fidelity on the claim for foreclosure of the mechanic's lien, as well as dismissal of Crisalli's counterclaims. Defendants now appeal from an order that, inter alia, granted plaintiff's motion to the extent of awarding judgment against Crisalli in the amount of $312,389.29 plus interest on the breach of contract cause of action and against Fidelity in the same amount plus interest on the claim for foreclosure of the mechanic's lien and dismissing Crisalli's counterclaims.
On appeal, defendants contend that Supreme Court erred in granting the motion to the [*2]extent of awarding judgment to plaintiff against Crisalli in the amount of $312,389.29 on the breach of contract cause of action and dismissing Crisalli's counterclaim for breach of contract. We agree, and we therefore modify the order accordingly. Even assuming, arguendo, that plaintiff met its initial burden on those parts of the motion, we conclude that defendants raised triable issues of fact in opposition (see generally Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1531 [4th Dept 2017]). Defendants submitted, inter alia, an affidavit of Crisalli's president, which raised issues of fact whether plaintiff breached the subcontract by failing to complete its work in a timely and satisfactory manner and whether the total subcontract price was reduced based upon the payment made by Crisalli directly to one of plaintiff's suppliers. We agree with defendants that the affidavit is based upon personal knowledge (see Dunham v Ketco, Inc., 135 AD3d 1032, 1035 [3d Dept 2016]) and is not conclusively contradicted by the record (cf. Dasent v Schechter, 95 AD3d 693, 693 [1st Dept 2012]) or by any prior deposition testimony of the affiant (cf. Ward v New Century Home Care, Inc., 172 AD3d 1434, 1436 [2d Dept 2019]; Melnick v Farrell, 128 AD3d 1371, 1375 [4th Dept 2015]).
Based upon the foregoing, we also agree with defendants that the court erred in granting that part of plaintiff's motion with respect to its claim against Fidelity for foreclosure of the mechanic's lien, and we therefore further modify the order accordingly. "Because the record raises triable issues as to whether plaintiff breached the [sub]contract, and the extent of unpaid work performed by plaintiff, plaintiff is not entitled to summary judgment on its lien foreclosure . . . claim[]" (Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp., 165 AD3d 572, 573-574 [1st Dept 2018]; see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 65 AD3d 533, 535 [2d Dept 2009]).
Finally, defendants' contention that the court erred in dismissing Crisalli's counterclaim for willful exaggeration has been rendered academic by the settlement agreement between the parties entered into while this appeal was pending. We therefore dismiss the appeal to that extent (see Butler v Stagecoach Group, PLC, 72 AD3d 1581, 1582 [4th Dept 2010], mod on other grounds sub nom. Edwards v Erie Coach Lines Co., 17 NY3d 306 [2011]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court